IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FOSTEEN LORETTA FRYE | ) | |
| | ) | |
| v. | ) | No. 3:17-1466 |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION | ) | |

To: The Honorable Waverly D. Crenshaw, Chief District Judge

### REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's motion for judgment on the administrative record. *See* Docket Entry ("DE") 14. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner"). At issue is whether the administrative law judge ("ALJ") erred in finding that Plaintiff was "not disabled," and therefore not entitled to Disability Insurance Benefits ("DIB"). (*See* Administrative Transcript (DE 10) at 17-19).[1] This matter has been referred to the magistrate judge, pursuant to 28 U.S.C. § 636(b), for initial consideration and a report and recommendation. *See* DE 3.

Upon review of the administrative record and consideration of the parties' filings, I find no error that warrants reversal of the Commissioner's decision in this case and therefore recommend that Plaintiff's motion for judgment on the administrative record (DE 14) be **DENIED.**

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "Tr." followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff initially filed an application for a period of disability and DIB on December 29, 2010, in which she alleged a disability onset date of September 25, 2010. (Tr. 79). The record does not indicate which disabling conditions were alleged by Plaintiff, although the ALJ who presided over the administrative hearing determined that Reflex Sympathetic Dystrophy ("RSD") of the right upper extremity and tendonitis of the left wrist represented severe impairments. (Tr. 81). The ALJ ultimately determined that Plaintiff was not disabled, a decision which the Appeals Council declined to review. (Tr. 76-78, 92-94).

Following the Appeals Council's decision, Plaintiff filed a second application for a period of disability and DIB on August 26, 2014 due to RSD, carpal tunnel syndrome ("CTS"), degenerative arthritis in the acromioclavicular joint, and L5-S1 discogenic and arthropathic disease, with an alleged disability onset date of September 25, 2010. (Tr. 20, 108, 129).[2] Her application was denied initially and on reconsideration. (Tr. 108, 122). Pursuant to her request for a second hearing before an ALJ, Plaintiff appeared with counsel and testified at a hearing before ALJ Brian Dougherty on October 14, 2016. (Tr. 32). On January 13, 2017, the ALJ denied the claim. (Tr. 17-19). On October 2, 2017, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1-3). Therefore, the current ALJ's decision stands as the final determination of the Commissioner.

As part of the decision, the ALJ made the following enumerated findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2015.

---

[2] Plaintiff later amended the alleged onset date to October 1, 2014. (Tr. 20).

2

2. The claimant did not engage in substantial gainful activity during the period from her amended alleged onset date of October 1, 2014 through her date last insured of December 31, 2015 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairment: reflex sympathetic dystrophy of the right upper extremity (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant could lift and/or carry 10 pounds occasionally and 5 pounds frequently; sit/stand/walk for 6 hours in an 8-hour workday; and frequently handle, finger, reach, and push/pull with her bilateral upper extremities.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant, born on October 12, 1970, was 43 years old, which is defined as a younger individual age 18-44, on the amended alleged disability date. The claimant subsequently changed age category to a younger individual age 45-49 as she was 45 years old on the date last insured (20 CFR 404.1563).

8. The claimant has a limited (8th grade) education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a "disability" as defined in the Social Security Act at any time from October 1, 2014, the amended alleged onset date, through December 31, 2015, the date last insured (20 CFR 404.1520(g)).

(Tr. 23-30).

On appeal, Plaintiff submits that the ALJ erred by (1) failing to properly consider all of her impairments and provide sufficient reasons for finding such impairments to be non-severe, and (2) failing to properly weigh the opinions of multiple medical providers in the record. DE 15 at 1. Plaintiff therefore requests that this case be reversed and benefits awarded, or, alternatively, remanded for further administrative proceedings. *Id*. at 11.

## II. ANALYSIS

### A. Standard of Review

On appeal, the Court is charged with determining whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)). If substantial evidence supports the ALJ's decision, that decision must be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). As explained by the Sixth Circuit:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

The Commissioner employs a five-step sequential evaluation process in considering whether a claimant is disabled. 20 C.F.R. § 404.1520(a). If the issue of disability can be resolved at any point in the evaluation process, the ALJ does not proceed to the next step and the claim is

4

not reviewed further. *Id.* § 404.1520(a)(4). At step one, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought; at step two, the ALJ considers whether one or more of the claimant's alleged impairments are "severe" in nature; at step three, the ALJ determines whether the impairments at issue meet or equal one of the Listings contained in the regulatory List of Impairments; at step four, the ALJ considers the claimant's residual functional capacity ("RFC") and determines whether the claimant can still perform past relevant work; and at step five, the burden of proof shifts to the ALJ to assess whether the claimant, after establishing that past relevant work is no longer possible, is capable of performing other types of work. *Id.* §§ 404.1520(a)(4)(i)-(v).

If the ALJ determines at step four that the claimant can perform past relevant work, the claimant is deemed "not disabled" and the ALJ need not complete the remaining steps of the sequential analysis. *Id.* § 404.1520(a). "Past relevant work" is defined as work that claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006) (citing 20 C.F.R. § 404.1560(b)(1)). If the claimant is incapable of performing past relevant work, however, the ALJ proceeds to Step 5 to determine whether, in light of the claimant's RFC, age, education, and work experience, the claimant can perform other substantial gainful employment and whether such employment exists in significant numbers in the national economy. In determining a claimant's RFC, the ALJ is required to consider the combined effect of all of the claimant's impairments, mental and physical, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301,

5

303 (6th Cir. 1988). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (*Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing 42 U.S.C. § 405(g)).

### B. The Commissioner's Decision

The ALJ in the instant case resolved Plaintiff's claim at step five of the five-step process. Although Plaintiff was found to have met the first two steps, the ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and was therefore not presumptively disabled. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed her to perform work at a sedentary level of physical exertion with express limitations to account for her severe impairments, and that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed despite such limitations. (Tr. 23-30).

### C. Assertions of Error

**1. The ALJ's Step Two Finding.**

Plaintiff claims that the ALJ erred at step two by concluding that left wrist tendonitis is not a severe impairment since the prior ALJ made such a finding. (Tr. 81). Plaintiff additionally faults the current ALJ for failing to find that CTS, lumbar spine pain, common migraines, cervical radiculopathy, and memory loss represented severe impairments. Plaintiff states vaguely that the

"evidence is entirely consistent with, and compels a finding that, [her] conditions significantly limit her ability to work." DE 15 at 7.

Regrettably, Plaintiff's broad assertion that such conditions are documented in the administrative record does not satisfy her burden of establishing that these conditions are severe in nature. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) ("[I]t is the claimant's burden to prove the existence *and severity of limitations caused by her impairments*[.]") (emphasis added). Plaintiff points to nothing in the administrative record to support a finding that any of these impairments causes more than a "slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). She instead faults the ALJ for dismissing an MRI of her lumbar spine that showed "at most mild canal stenosis" (Tr. 23), when, according to Plaintiff, the MRI actually "revealed much more." DE 15 at 7. Such parsing does little to bolster her position, however, given that the language used by the ALJ comes directly from the MRI, which identifies her lumbar condition as follows: "Central focal disk protrusions ... causing *at most mild spinal canal stenosis* [] and no neural foraminal narrowing." (Tr. 341) (emphasis added). Plaintiff's allegation is thus little more than misplaced hyperbole.

Plaintiff likewise fails to provide any support for her claim that the ALJ erred by deviating from the initial ALJ's finding that tendonitis of the left wrist represents a severe impairment. Plaintiff instead states baldly that the current ALJ "provided no explanation as to why it was not found to be severe" (DE 15 at 6), yet cites no authority requiring such an explanation. Because the instant claim involves Plaintiff's second application for benefits under Title II of the Social Security Act, the current ALJ was instead required to adhere to the "Dennard/Drummond" doctrine, which holds that a prior administrative determination regarding the exertional level of a

7

claimant's past work is binding in any subsequent administrative proceedings, *Dennard v. Sec'y of Health & Human Servs.,* 907 F.2d 598 (6th Cir. 1990), and that absent evidence of an improvement in a claimant's condition, the ALJ in any subsequent proceeding is bound by the prior ALJ's RFC findings and may not decide the case by utilizing a less restrictive RFC at step four of the evaluation process. *Drummond v. Comm'r of Soc. Sec.,* 126 F.3d 837 (6th Cir. 1997). Plaintiff identifies no authority, however, that requires the current ALJ to preserve a prior ALJ's step two findings.

Moreover, even if Plaintiff had demonstrated that the aforementioned conditions represented severe impairments, any error by the ALJ in failing to find that such impairments were severe would be harmless based on the ALJ's conclusion that RSD represents a severe impairment. (Tr. 23). This is because an ALJ's determination that one or more of a claimant's alleged impairments is severe, as is the case here, causes the claim to survive the step two screening process, *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008), and both severe and non-severe impairments are considered in the remaining steps of the disability evaluation process. 20 C.F.R. § 404.1520(a)(4). An ALJ therefore does not commit reversible error when he fails to find that some impairments are severe but proceeds to the next step of the evaluation process after finding that other impairments are severe. *Maziarz v. Sec'y Health & Human Serv.*, 837 F.2d 240, 244 (6th Cir. 1987). It was thus "legally irrelevant" that the ALJ determined that Plaintiff's other impairments were not severe. *Higgs*, 880 F.2d at 862. For all of these reasons, Plaintiff's assertion of error is rejected.

### 2. Medical Opinion Evidence.

Plaintiff next alleges that the ALJ violated the so-called "treating physician rule" by failing to adequately explain his rejection of the opinion of her treating physician, Dr. Michael Littell.

Plaintiff further claims that the ALJ erred by failing to properly weigh the opinions of multiple other providers, including Drs. James Anderson, Jane Siegel, and Richard Fishbein.

The treating physician rule requires the ALJ to accord controlling weight to the opinion of a treating physician if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2).[3] Otherwise, the ALJ must weigh the non-controlling opinion based on a series of factors, including the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)-(6)). The ALJ's explanation for such weight allocation must include reasons that are "supported by the evidence in the case record and ... sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion[.]" *Id*.

Dr. Littell completed a medical source statement ("MSS") on April 14, 2015 in which he opined that Plaintiff suffered from numerous severe functional limitations, including the inability to sit or stand for more than 20 minutes at one time, walk for more than 30 minutes at one time, or lift and carry 10 pounds more than "occasionally." (Tr. 396-97). Dr. Littell also found that Plaintiff would be unable to sit, stand, or walk for more than two hours total during an eight-hour workday. (Tr. 397, 558).

Plaintiff's woefully underdeveloped argument states only that the ALJ "did discuss [Dr. Littell's] opinion and chose to reject it but erred by failing to provide any good reasons required

---

[3] The treating physician rule has been rescinded, *see* 82 Fed. Reg. 15263-01, 2017 WL 1105348 (Mar. 27, 2017), but was in effect at the time of Plaintiff's application.

to reject this treating source." DE 15 at 8. Notably, Plaintiff fails to acknowledge that while the ALJ indeed rejected Dr. Littell's opinion regarding her sitting, standing, and walking capabilities, he assigned at least some amount of weight to Dr. Littell's opinion regarding the ability to handle, finger, and reach. (Tr. 28). *See Warner v. Comm'r of Social Sec.,* 375 F.3d 387, 391-392 (6th Cir. 2004) (holding that it was "significant that the [ALJ] did not reject wholesale the conclusions" of the treating physician and emphasizing that an ALJ may reject all or a portion of a treating source's findings). Plaintiff also dooms her own argument by failing to cite to any medical notes, records, or other evidence that contravene the ALJ's finding in any way, as is her burden. *See Peterson v. Comm'r of Soc. Sec.,* 552 F. App'x 533, 540 (6th Cir. 2014) ("[T]o prevail on appeal, [the claimant] must demonstrate that the ALJ's determination that [she] was not disabled is not supported by substantial evidence.")

Regardless, the Court finds that the ALJ provided ample justification for discounting portions of Dr. Littell's MSS. The ALJ specifically referenced mild objective findings derived from imaging studies, normal physical examination findings, and Plaintiff's lack of treatment for back pain, all of which were appropriate considerations. *See* 20 C.F.R. § 404.1527(c)(2), (3). The ALJ also emphasized the overall inconsistency of Dr. Littell's conclusions with the evidence contained in the record, as was appropriate. *See Gant v. Comm'r of Soc. Sec.,* 372 F. App'x 582, 584 (6th Cir. 2010). The ALJ thus properly adhered to the treating physician rule.

Plaintiff's arguments regarding the opinions of Drs. Anderson, Siegel, and Fishbein are similarly unpersuasive. Plaintiff claims that the "workers' comp[ensation] report" completed by Dr. Anderson on April 21, 2015 "contained some limitations which were more restrictive than the RFC" (DE 15 at 8), but fails to identify which limitations are allegedly more severe or how they undermine the formulated RFC, as is her burden. *See Long v. Berryhill*, No. 1:16-CV-485-CHS,

10

2018 WL 1162621, at *8 (E.D. Tenn. Mar. 5, 2018) ("Plaintiff must do more than simply point to countervailing evidence in the record.").[4] This is especially detrimental to Plaintiff's argument given that Dr. Anderson's limitation to "light" work appears to be *less* restrictive than the RFC's limitation to "sedentary" work (Tr. 24, 407), which would render harmless any error committed by failing to specify the weight given to Dr. Anderson's opinion. *Cf. Collette v. Astrue*, No. 2:08-cv-085, 2009 WL 32929, at *9 (E.D. Tenn. Jan. 6, 2009) (holding that ALJ's failure to explain the weight assigned to an examining physician's opinion was harmless based on vocational expert's testimony that jobs would be available with more severe restrictions than those recommended by the examining physician). The only limitation in Dr. Anderson's opinion that is arguably more severe is his restriction to "occasional" pushing and pulling (Tr. 407), in contrast to the RFC's restriction to "frequent" pushing and pulling. (Tr. 24). However, Defendant correctly notes that any limitations on a claimant's ability to push or pull "generally will have little effect on the unskilled sedentary occupational base," Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *6 (July 2, 1996), and Plaintiff points to nothing in the record to support a more restrictive RFC. The Court thus finds that the ALJ did not commit reversible error by failing to specifically identify the weight accorded to Dr. Anderson's opinion.

Plaintiff also claims that the ALJ erred by failing to reference the opinions of Drs. Siegel and Fishbein (DE 15 at 8), yet fails to even identify the restrictions contained therein. The Court thus finds that any argument regarding these opinions has been waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Even

---

[4] Curiously, Plaintiff does not argue that Dr. Anderson, who appears to have seen her on more than one occasion, represents a treating source in this matter.

assuming, *arguendo*, that Plaintiff presented a discernible argument, the Court notes that the opinions of Drs. Siegel and Fishbein were offered as part of Plaintiff's prior application and addressed by the ALJ in the initial administrative opinion. (Tr. 82-85). The ALJ adopted the initial ALJ's determination under *Drummond* and *Dennard* after finding no change in Plaintiff's condition (Tr. 20-21), as was appropriate, *see Collier v. Comm'r of Soc. Sec.*, 108 F. App'x 358, 362 (6th Cir. 2004) ("absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ"), and Plaintiff makes no argument that this determination represents reversible error. The Court thus finds that substantial evidence supports the ALJ's consideration of the medical evidence.

### III. CONCLUSION

For the above stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (DE 14) be DENIED and the Commissioner's decision be AFFIRMED.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this Report and Recommendation or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. Rule 72(b).



Signed By:
*J. Gregory Wehrman*
**United States Magistrate Judge**